UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
UNITED STATES OF AMERICA,

                                              **MEMORANDUM & ORDER**
                                                      11-CR-303 (NGG)

           -against-

RICKY HOLLENQUEST,

                     Defendant.
--------------------------------------------------------

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Ricky Hollenquest's pro se motion for compassionate release. (Mot. for Compassionate Release ("Mot.") (Dkt. 600); Gov't Opp. to Mot. for Compassionate Release ("Opp.") (Dkt. 601).) Mr. Hollenquest, who was serving multiple state sentences at the time he pleaded guilty to federal charges in this court, argues that he should be granted early release because of a sentence miscalculation that has led to an "unlawful extension of incarceration." (Mot. at 4.)

Mr. Hollenquest's motion is without merit. First, unlike a challenge to the imposition of a sentence, which is properly brought pursuant to U.S.C. § 2255, "a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the vehicle for a federal prisoner's challenges to the execution of his sentence such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention." *Ortiz-Alvear v. Lappin*, No. 08-cv-268 (JG), 2008 WL 2242559, at *2 (E.D.N.Y. May 29, 2008). And a § 2241 petition must be brought in the district in which the petitioner is imprisoned—which, in Mr. Hollenquest's case, is the Middle District of Pennsyvlannia, not this court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Furthermore, Mr. Hollenquest has failed to exhaust his administrative remedies, because he did not raise any challenge to his sentence calculation to the BOP before seeking relief from this court. *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, Mr. Hollenquest's motion is DENIED.

Mr. Hollenquest pleaded guilty to two counts of Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a), and one count of using a firearm in furtherance of these crimes, in violation of 18 U.S.C. § 924(c). As the Government notes, *see* Opp. at 1 n.1, Mr. Hollenquest may have a basis to challenge his sentence in light of the Supreme Court's decisions in *Davis v. United States*, 139 S. Ct. 2319 (2019) and *Johnson v. United States*, 135 S. Ct. 2551 (2015).

SO ORDERED.

Dated:   Brooklyn, New York
         February 4, 2021

                                              /s/ Nicholas G. Garaufis
                                              NICHOLAS G. GARAUFIS
                                              United States District Judge